IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM D. SALAZAR, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:94-CV-1785-D |
| | § | |
| OWENS-ILLINOIS SALARY | § | |
| EMPLOYEE WELFARE BENEFIT PLAN, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on January 13, 2010, Plaintiff's January 4, 2010 letter, treated as a motion for Rule 60(b) relief, has been referred to the United States Magistrate Judge for findings, conclusions and recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On January 7, 1997, the District Court entered judgment in favor of defendant and against Plaintiff William D. Salazar ("Salazar"). Salazar appealed, and the Fifth Circuit affirmed. *Salazar v. Aetna Life Ins. Co.*, No. 97-10117 (5th Cir. Sep. 22, 1997) (unpublished per curiam).

To the extent Salazar moves for reconsideration under Fed. R. Civ. P. 60(b)(1)-(3), based on mistake, newly discovered evidence and fraud by the opposing party, his request is untimely. Motions under Rule 60(b)(1) through (b)(3) must be brought within one year "after the entry of the judgment or order or the date of proceeding." *See* Fed. R. Civ. P. 60(c)(1). In this case, more than twelve years have elapsed since summary judgment was entered in defendant's favor.

Even assuming Salazar moved within "a reasonable time" for relief from judgment under Rule 60(b)(4)-(6), *see* Rule 60(c)(1), his request is unavailing. Rule 60(b)(4) permits a judgment to be set aside if it is "void." Under this rule, relief from judgment is available if the district court lacked subject matter or personal jurisdiction, or if the court acted in a manner inconsistent with due process of law. *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003); *Carter v. Fenner,* 136 F.3d 1000, 1006 (5th Cir. 1998). Salazar does not claim that the District Court lacked jurisdiction when it ruled on Defendant's motion for summary judgment. Nor does he allege any constitutional deficiency.

Rule 60(b)(5) is inapplicable to this case. Salazar does not request relief from the final judgment because "the judgment has been satisfied, released or discharged." *See* Rule 60(b)(5). Likewise, Salazar does not allege that the final judgment "is based on an earlier judgment that has been reversed or vacated," or "applying it prospectively is no longer equitable." *Id.*

Rule 60(b)(6) provides that "the court may relieve a party . . . from a final judgment . . . [for] any other reason that justifies relief." This subsection "is a catch–all provision" meant to provide relief "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002) (quotations and quoted case omitted); *Gov't Fin. Serv. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 773-74 (5th Cir. 1995). Even when liberally construed in light of his *pro se* status, Salazar has not alleged that "extraordinary circumstances" are present in this case. He merely recounts the numerous medical problems stemming from his on-the-job injury and the unfortunate course of events. Moreover, "changes in decisional law . . . do not constitute the 'extraordinary circumstances' required for granting Rule 60(b)(6) relief." *Hess*, 281 F.3d at

216. Therefore, Plaintiff's fleeting reference to *Metropolitan Life Ins. Co. v. Glenn*, ___ U.S. ___, 128 U.S.C. 2343 (2008), does not advance his request for relief.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Salazar's January 4, 2010 letter (Doc. #67), treated as a Rule 60(b) motion, should be denied.

Signed this 26th day of January, 2010.

                                    _WM. F. Sanderson, Jr._ (signature)
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.